IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GARTH ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-475 (MTT) |
| ) | |
| AMERICAN FAMILY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant American Family Insurance Company ("AFIC") has moved to dismiss the declaratory judgment claim against it for lack of subject matter jurisdiction because Anderson "cannot meet his burden of establishing that the declaratory relief he seeks … presents an 'actual controversy' that satisfies the 'case-or-controversy' standard for federal subject matter jurisdiction and declaratory relief under 28 U.S.C. § 2201."[1] (Docs. 12; 12-1 at 3). Anderson "seeks a declaration that, when presented with covered claims arising from a direct physical loss, Defendants are obligated to assess for diminished value and then pay it or deny its existence." (Docs. 1 ¶¶ 86-90; 14 at 6).

AFIC contends that Anderson has alleged no "fact, or suggested inferences from any facts, to support a conclusion there is a practical likelihood or reasonable expectation that Anderson will submit a future insurance claim, or that the injury

---

[1] American Family Mutual Insurance Company ("AmFam Mutual") also moved to dismiss this claim for lack of subject matter jurisdiction. (Doc. 12). However, the Court previously dismissed AmFam Mutual as a Defendant. (Doc. 19).

Anderson alleges he has suffered … will be repeated in the future." (Doc. 12-1 at 10). Thus, Anderson's "declaratory judgment claim does not allege the real and imminent threat of injury necessary to satisfy the 'actual controversy' requirement." (*Id.*). Anderson counters that his allegation that "the risk that [he] … will sustain another covered loss in the future, and that AmFam will continue to improperly fail to assess and pay for diminished value …, is real and immediate" and the "10% probability that he will submit another covered claim to Defendants this year … are sufficient to show a probabilistic injury for purposes of jurisdiction." (Docs. 1 ¶ 90; 14 at 10).

Notwithstanding the fact that Anderson does not allege in his complaint there exists a 10 percent probability he will submit another claim this year, the issue and arguments raised by the parties in their briefs here are the exact same as the issue and arguments raised in *Thompson v. State Farm Fire and Casualty Company*, No. 5:14-cv-32, 2016 WL 2930958 (M.D. Ga.).[2] In that case, this Court denied the plaintiffs' motion for reconsideration and held that the allegation that there is up to a 10 percent chance the plaintiffs' townhouse will suffer a covered loss in a given year is insufficient to confer Article III standing.[3] *Id.* at *3; see* Appendix. AFIC's motion to dismiss is **GRANTED** (Doc. 12) for the same reasons the Court denied the plaintiffs' motion for reconsideration in *Thompson*.

**SO ORDERED**, this 29th day of June, 2016.

                             S/ Marc T. Treadwell
                             MARC T. TREADWELL, JUDGE
                             UNITED STATES DISTRICT COURT

---

[2] The Court notes that the lawyers for Anderson are the same as the lawyers for the plaintiffs in *Thompson*.

[3] The Court accepted the allegation as true for purposes of the motion. *Id.* at *2.