IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| GARTH ANDERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CASE NO. 5:15-CV-475 (MTT) |
| AMERICAN FAMILY INSURANCE COMPANY, | ) |  |
| Defendant. | ) |  |

## ORDER

Pursuant to Federal Rule of Civil Procedure 60(b)(3), Plaintiff Anderson moves for reconsideration of the Court's Order (Doc. 82) granting Defendant American Family Insurance Company's ("AFIC") motion for summary judgment. That motion (Doc. 94) is **DENIED**, and Anderson's motion for a hearing (Doc. 98) is **DENIED**.

## I. BACKGROUND

Anderson alleges AFIC failed to assess his home for diminished value and failed to compensate him for diminished value in adjusting a claim for water damage from a burst pipe in January 2014. Docs. 27; 82 at 8. At the summary judgment hearing, AFIC admitted that its policy covered diminished value due to stigma, but it argued there was no evidence Anderson's home had suffered diminished value. *See* Doc. 81 at 10-15. The Court reasoned that in light of this admission, Anderson presented a "garden variety insurance claim. Anderson suffered an admittedly covered loss. He claims that AFIC did not pay him enough for his loss. AFIC claims it did." Doc. 82 at 7. Because Anderson presented no evidence his home had suffered diminished value due to stigma

from the water damage, the Court granted AFIC's motion for summary judgment. Anderson appealed, and that appeal is pending. Doc. 87.

Anderson now moves for reconsideration, arguing that AFIC, in its briefing on appeal, "takes the position that its policies do not cover diminished value as that term is used in *Mabry* and *Royal Capital* and that it has no duty to assess for diminished value unless its insureds can prove AFIC owes them such a duty on a case-by-case basis." Doc. 94-1 at 1-2. AFIC claims that Anderson's argument misconstrues AFIC's statements on appeal and that it fails to state an appropriate basis for the Court to grant relief. Doc. 95 at 1-10. AFIC also argues that "[i]f American Family is bound by legal positions taken in this Court, the Eleventh Circuit can bind American Family to those positions." *Id.* at 10.

## II. Rule 60(b)(3) Standard

"Rule 60(b)(3) allows a court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. The movant has the burden of proving that assertion by clear and convincing evidence. Evidence of an opposing party's carelessness is insufficient to justify relief. Litigants cannot use a motion for reconsideration to ask a district court to 'relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.'" *Attea v. Univ. of Miami*, 678 F. App'x 971, 974 (11th Cir. 2017) (quotation marks and citations omitted). Further, "[t]he conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).[1]

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal. However, it does not prevent the district court from taking action in furtherance of the appeal. . . . Consistent with these principles, we have held that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion. . . . However, following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion. Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." *Mahone v. Ray*, 326 F.3d 1176, 1179-1180 (11th Cir. 2003) (quotation marks and citations omitted); *see* Fed. R. App. P. 12.1.

## III. DISCUSSION

As an initial matter, the Court can find no support for Anderson's argument that AFIC denies that its policies cover diminished value. In response to the motion for reconsideration, AFIC cites to its appellate brief, which states that

> American Family did not dispute in summary judgment briefing or oral argument that: 1) its homeowners' policies cover diminished value losses, and 2) the existence of a duty to assess for those losses would not require any specific assertion of diminished value by the insured.

Doc. 94-2 at 62. Anderson claims that even if AFIC does admit that its policies cover a category of damages labeled "diminished value," AFIC's definition of that term differs from the Court's. According to Anderson, AFIC's "definition of diminished value . . . exclud[es] stigma and [is] limited to uncured defects." Doc. 94-1 at 8. In response,

AFIC repeats its admission that its policies cover diminished value, including diminished value due to stigma. Doc. 95 at 4-6. AFIC also argues that "Anderson offers no evidence that [AFIC] is refusing to recognize coverage or disclaiming any duty to conduct assessments for stigma-diminished value for policyholders in Georgia." Doc. 95 at 5. The Court agrees: AFIC clearly admitted and continues to admit that its policies cover diminished value resulting from stigma.

Although AFIC concedes the issue of coverage, its position on the scope of what it calls its "duty to assess" is more complex. As the Court understands AFIC's argument, it does not deny that an insurer owes a general duty to assess every element of a loss, including diminished value. If AFIC were to argue it had no such duty, it would be an argument flatly contrary to Georgia law and AFIC's admissions in this Court. Rather, AFIC has denied that it had a "duty to assess [*Anderson's*] property for diminished value." Doc. 94-2 at 62. AFIC appears to argue that although the insurer's duty to assess "would not require any specific assertion of diminished value by the insured," the "duty" to assess is not automatic in every case. *Id.* AFIC appears to claim that the insurer has a "duty" to assess for diminished value in a particular loss only where there is evidence of the "potentiality for diminished value." *Id.* at 62-63.

Perhaps AFIC's contention, arguably stated inartfully, is that in Anderson's particular loss, there are no facts suggesting a need to go out and assess Anderson's loss for diminished value.[2] That is because, AFIC argues, there is no indication

---

[2] The repeated use of the phrase "diminished value assessment" in this litigation risks obscuring the fact that *Mabry* or *Royal Capital* do not mandate any particular procedures in performing an assessment. *See Brewton v. First Liberty Ins. Corp.*, 2017 WL 5616360, at *7 (M.D. Ga. Nov. 21, 2017) (granting summary judgment on a failure to assess claim where the insurer had assessed for diminished value, but the insured argued the insurer's assessment procedures were inadequate, and noting that "[n]othing in Georgia law supports [the plaintiff's] new and un-pleaded theory that an insured can bring a stand-alone

Anderson suffered diminished value.  Again, AFIC does not deny that it, like any insurer, has a duty to assess every element of a loss, but what that duty requires in a particular claim depends upon the circumstances of that claim.

But whatever AFIC's point is, the Court's point, repeatedly stated, has been that when an insurer acknowledges coverage for a loss but pays less for the loss than the insured wants, the parties have a garden-variety insurance dispute, and the insured's remedy is to file suit.  Nothing in *Mabry* or any of this Court's orders in its diminished value cases suggests that an insured, unhappy with a payment for an undisputedly covered loss, is entitled to a mandatory injunction ordering an insurer to assess for diminished value.  *Mabry* arose from a coverage dispute and simply recognized that when an insurer denies coverage for a claim, equitable relief may be available.  The Georgia Supreme Court in *Mabry* did not hold that in every claim by an insured for underpayment of an undisputedly covered loss, the insured can force an adjuster to assess a claim that is being litigated in court.  What happens, and what happened here, is the parties litigate the issue now joined—whether the insured is entitled to additional compensation for his covered loss.

Finally, and noting that this dispute arises from AFIC's "alternative"[3] grounds for affirmance, AFIC's alleged misrepresentations or reneged admissions are not material

---

claim for the failure to properly assess a covered loss*." Brewton v. First Liberty Ins. Corp.*, 2017 WL 5616360, at *7 (M.D. Ga. Nov. 21, 2017).

[3] At first blush, it may seem a bit odd that the parties are fighting over the duty to assess when the Court's Order granting summary judgment reached the ultimate issue: whether AFIC underpaid Anderson's loss.  But the Court realizes that the battle they are fighting has nothing to do with Anderson's loss; it involves the survival of the putative class action.  Clearly, it seems, the "duty to assess" argument AFIC is attempting to fashion is aimed at the commonality requirement for a potential duty to assess class.

to the basis for this Court's ruling: that Anderson, based on the record before the Court, did not suffer diminished value.

In sum, if AFIC is arguing on appeal that it does not have a legal duty to assess for every element of a loss when it processes claims, then that would be inconsistent with its representations to this Court, although that misrepresentation would not be material to the Court's reasoning in its Order granting summary judgment. Nor does the Court believe that Rule 60(b)(3)'s procedure to correct judgments obtained by fraud is an invitation for district courts to scrutinize prevailing parties' appellate briefs for consistency. If AFIC's positions during this litigation are, as Anderson alleges, so inconsistent as to amount to fraud, then Anderson may make that argument on appeal.

### III. CONCLUSION

For the reasons discussed above, Anderson's motion for reconsideration (Doc. 94) is **DENIED**, and Anderson's motion for a hearing on the motion for reconsideration (Doc. 98) is **DENIED**.

**SO ORDERED**, this 5th day of August, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT